IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA CMIEL and CESAR CARRIZALES, Individually, and on behalf of M.C. a minor | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16 CV 5297 |
| THE CITY OF CHICAGO, Officer A. YANEZ, Star # 17142, Officer E. GUZMAN-SANCHEZ, Star # 13383, Officer S. TULLY, Star # 1090, Officer J. RODRIGUEZ, Star # 1783, Officer R. BARBER, Star # 17969,Officer G. CONDREVA, Star # 19909, Officer R. MADIA, Star # 3001,Officer G. STRELCZYK, Star # 5431,Officer J. LULE, Star # 9702, Det. B. PHIPPS, Star # 20058, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Jury Demanded |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiffs, THERESA CMIEL, and CESAR CARRIZALEZ, Individually, and behalf of their minor son, M.C. (collectively, "Plaintiffs"), by and through their attorney, The NIXA LAW FIRM, and complaining of Defendants THE CITY OF CHICAGO, Officer A. YANEZ, Star # 17142, Officer E. GUZMAN-SANCHEZ, Star # 13383, Officer S. TULLY, Star # 1090, Officer J. RODRIGUEZ, Star # 1783, Officer R. BARBER, Star # 17969,Officer G. CONDREVA, Star # 19909, Officer R. Madia, Star # 3001,Officer G. STRELCZYK, Star # 5431,Officer J.

LULE, Star # 9702, Det. B. PHIPPS, Star # 20058, (collectively "Defendant Officers"), states as follows:

## INTRODUCTION

1. On October 10, 2015, Officers with the Chicago Police Department violently assaulted Plaintiff Cesar Carrizales while he was holding his one-year old son, M.C.

2. During the encounter, an Officer put an object that appeared to be a Taser to Mr. Carrizales' head and threatened to tase to Mr. Carrizales and told him that the electricity would also shock his one-year old child.

3. Officers not only assaulted Mr. Carrizales, but they used excessive force on M.C., by cruelly and violently tugging on M.C.'s arms, legs, and torso to try to unnecessarily pry him away from his father, causing physical and emotional damage to the child.

4. The force used on Mr. Carrizales and M.C. was excessive and entirely unnecessary. The assault on Mr. Carrizales and M.C. could have easily been avoided if Mr. Carrizales, who was suspected of committing only a minor misdemeanor, was allowed to return the child to the child's mother, Plaintiff Theresa Cmiel, who was just feet from where his incident occurred.

5. Unbeknownst to the officers at the time, a surveillance video captured the entire incident.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein all occurred within this District. Defendant City of Chicago is a municipal corporation located in this District.

8. Plaintiffs reside in this District and based on information and belief all of the Defendant Officers reside in this District as well.

## PARTIES

9. Cesar Carrizales is a life-long resident of the City of Chicago, and the father of M.C.

10. Theresa Cmiel is the longtime fiancé of Mr. Carrizales and the mother of M.C.

11. The Defendant Officers are Chicago Police Officers who were involved in the beating of Plaintiff Carrizales and his minor son M.C.

12. At all relevant times, the Defendant Officers were acting under color of law and within the scope of their employment.

13. Defendant City of Chicago is a political subdivision of the state of Illinois and is the employer of each of the Defendant Officers. The City of Chicago is responsible for the acts of the Defendant Officers while employed by the City of Chicago and acting within the scope of that employment.

## FACTUAL BACKGROUND

14. On the evening of October 10, 2015, Plaintiff Cesar Carrizales was in the process of taking his one-year old son, M.C., home. As Mr. Carrizales approached his garage in the alleyway, he was confronted by two Chicago Police Officers. Mr. Carrizales had his son in his arms, when the officers demanded that Mr. Carrizales put his son down.

15. M.C. was still a baby and unable to stand. Moreover, the alley was filthy and may well have had sharp objects on the ground. His son was barefoot, so he refused. In addition, Mr. Carrizales' home was just feet from where this encounter happened, and he told officers that his wife was just inside and would take the child.

16. Instead of assisting Mr. Carrizales in getting his son to his mother, the officers refused, and began to violently assault Mr. Carrizales with his one-year old son in his arms.

17. In addition to striking Mr. Carrizales, officers cruelly and violently pulled on M.C.'s arms, legs, and torso trying to pry his from his father's arms. This went on for a number of minutes.

18. During this time, M.C. screamed in a way that Mr. Carrizales and his mother had never heard before.

19. During this time, Officers struck Mr. Carrizales repeatedly in the face, body, and head. Officers then slammed Mr. Carrizales into the hood of the vehicle

with his son still in his arms, pinning and smashing M.C. beneath him as they struck Mr. Carrizales about his face and body.

20. One officer placed a Taser or other object near Mr. Carrizeles' face and head and threatened to taser Mr. Carrizales, and told him that his son would feel the electricity.

21. Mr. Carrizales screamed for his wife to come outside. After several minutes, Mr. Carrizales' wife Theresa Cmiel heard her husband and son's cries and came outside.

22. With the officers holding him against the car and assaulting him, Mr. Carrizales was able to pass his son to Ms. Cmiel, who took the child and ran inside.

23. Once his son was out of his arms, several more officers descended on Mr. Carrizales and struck him numerous times and handcuffed him extremely tightly. Once Mr. Carrizales was handcuffed and not resisting in any way, Officers punished him by striking him several more times.

24. Mr. Carrizales was then violently and unjustifiably thrown into the back of the police car.

25. This entire encounter was unnecessary and excessive. Officers initially confronted Mr. Carrizales because his neighbor had called the police to report that during a property dispute, Mr. Carrizales damaged a fence on the property line causing damage under $300 and made a threatening statement to the neighbor.

26. Even if true, these allegations amounted to minor misdemeanor charges.

27. The police officers on scene used the heavy-handed tactics above, including using force on the minor M.C., without ever getting Mr. Carrizales' side of the story, or giving Mr. Carrizales a chance to have his wife come take the child.

28. Unbeknownst to the Defendant Officers at the time, this entire incident was captured on video by a security camera that looked out over the alleyway.

29. Unaware that the incident had been video recorded, in drafting their reports, the Defendant Officers conveniently omitted any reference to the use of force on the minor M.C. and omitted any reference to Ms. Cmiel coming outside to get her son as her son was being smashed into the hood of the police car.

30. At the time of the incident, the Defendant Officers all were traveling in marked-Chicago Police vehicles that were equipped with dash-cameras.

31. One or more vehicles were in a position where cameras mounted on those vehicles would have recorded the interaction between Plaintiffs and the Defendant Officers had the Defendant Officers chosen to turn the camera(s) on.

32. The Defendant Officers chose not to activate the forward-facing camera mounted on any vehicle, including the vehicle parked in the alleyway facing the incident, a few feet from where the incident occurred. The Defendant Officers also chose not to activate the rear-passenger compartment camera while Plaintiff Carrizales was transported to the District as well.

33. Defendant Officers chose not to wear Chicago Police Department issued microphones during the incident as well.

6

34. Following Plaintiff Carrizales' arrest, one or more Defendant Officers singed complaints against Mr. Carrizales and commenced and continued a prosecution against him for the charge of Aggravated Battery to a Police Officer. This was even though no officer was injured.

35. The charge of aggravated battery to a police officer was later dismissed and Mr. Carrizales plead guilty to misdemeanor resisting arrest.

## LEGAL CLAIMS

### Count I- 42 U.S.C. §1983 Excessive Force

36. Each paragraph of this Complaint is incorporated herein.

37. As described above, the conduct of one or more of the Defendant Officers constituted excessive force against Plaintiffs in violation of the United States Constitution.

38. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiffs' constitutional rights.

39. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

40. As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiffs suffered pain and injury, including emotional distress.

### Count II- 42 U.S.C. §1983 Conspiracy

41. Each paragraph of this Complaint is incorporated herein.

42. The Defendant Officers reached an agreement amongst themselves to unlawfully deprive Plaintiffs of their constitutional rights, as described in the various paragraphs of this Complaint.

43. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in the joint activity.

44. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and they suffered injury, including but not limited to emotional distress.

45. The misconduct described in this Court was undertaken with malice, willfulness, and reckless inference to the rights of others.

46. As a result of the Defendant Officers' misconduct, Plaintiffs suffered pain and injury, including emotional distress.

### Count III – 42 U.S.C. §1983
### Failure to Intervene

47. Each of the paragraphs of this Complaint is incorporated herein.

48. As described more fully above, the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth had they been so inclined, but they failed to do so.

49. Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

50. As a result of Defendant Officers' failure to intervene, Plaintiffs suffered pain and injury, including emotional distress.

8

### Count IV – State Law Claim
### Assault and Battery

51.     Each paragraph of this Complaint is incorporated herein.

52.     In the manner described above, the conduct of Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

53.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

54.     The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

55.     As a result of the offensive touching, undertaken pursuant to the City's policy and practice as described above, Plaintiffs sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

### Count V -- State Law Claim
### Malicious Prosecution

56.     Each paragraph of this Complaint is incorporated herein.

57.     In the manner described above, the Defendant Officers commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff Cesar Carrizales, namely felony Aggravated Battery to a Police Officer, for which Defendants knew there was no probable cause.

58. The criminal proceeding terminated in Plaintiff's favor in a manner indicative of innocence.

59. The Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

60. As a result of Defendant Officers' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiff Cesar Carrizales suffered injury, including emotional harm.

## Count VI – State Law Claim
## Conspiracy

61. Each paragraph of this Complaint is incorporated herein.

62. In the manner described above, the Defendant Officers, acting in concert, reached an agreement among themselves to protect one another from liability for depriving Plaintiffs of their constitutional rights.

63. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in the joint activity.

64. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and with reckless indifference to the rights of others.

65. As a result of Defendant Officers' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiffs suffered injury, including emotional harm.

## Count VII – State Law Claim
## Intentional Infliction of Emotional Distress

66. Each of the Paragraphs of this Complaint is incorporated herein.

67. The actions, omissions, and conduct of the Defendant Officers as set forth above were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged above.

68. As a direct and proximate result of the Defendant Officers' actions, Plaintiff suffered injury, including emotional distress.

## Count VIII – State Law Claim
### Respondeat Superior

69. Each Paragraph of this Complaint is incorporated herein.

70. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Depart acting at all relevant times within the scope of the employment.

71. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Count VIII – State Law Claim
### Indemnification

72. Each Paragraph of this Complaint is incorporated herein.

73. Illinois law provides that public entities are directed to pay any tort judgment for

11

74. compensatory damages for which employees are liable within the scope of their employment activities.

75. The Defendant Officers are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described above.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant City of Chicago and the Defendant Officers, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, and any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: May 17, 2016               Respectfully submitted,


/s/ Daniel Nixa
*Attorney for Plaintiffs*

Daniel Nixa
The Nixa Law Firm, LLC
444 N. Michigan Ave., Suite 1200
Chicago, IL 60611
(312) 870-0393
dan@nixalawfirm.com